UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOUGLAS SPICER,

      Plaintiff,

v.                          Case No:  2:25-cv-01094-JES-NPM

ONEMAIN   FINANCIAL   GROUP,
LLC,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Plaintiff Douglas Spicer's ("Spicer") Emergency Motion for Preliminary Injunction to Prevent Repossession and to Preserve the Status Quo (Doc. #10) filed on January 14, 2026.  Defendant OneMain Financial Group, LLC ("OneMain") filed its Response in Opposition (Doc. #14) on January 28, 2026.  For the reasons set forth below, Plaintiff's motion is denied.

**I.**

A district court may grant a preliminary injunction if the movant shows: (1) a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the injunction is issued; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing

party; and (4) if issued, the injunction would not be adverse to the public interest.  See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc); see also Fla. Agency for Health Care Admin. V. Adm'r for Ctrs. for Medicare & Medicaid Servs., 161 F.4th 765, 781 (11th Cir. 2025).  A preliminary injunction, however, is an extraordinary and drastic remedy that should not be granted unless the movant clear established the burden of persuasion as to the four prerequisites.  See Siegel, 234 F.3d at 1176 (quotation marks omitted); Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974)).[1]

## II.

Spicer and OneMain entered a secured consumer loan between January and February 2025 in the approximate amount of $20,145.45. (Doc. #4, ¶7.)  The loan was secured by Spicer's personal vehicle. (Id.)  Initially, Spicer made the first four monthly payments, however, after experiencing financial hardship, Spicer sent OneMain a letter dated June 25, 2025, requesting a temporary deferment of his three next scheduled payments.[2]  (Doc. #14-1, ¶10; Doc. #1-3, p. 8.)

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] There are no documents showing whether OneMain replied to the letter or not.

That next month, Spicer sent a "Settlement Letter and Final Resolution Agreement" to OneMain.  (Doc. #1-3, p. 9.)  The letter purported to offer a settlement due to "One Main Financial's disingenuous conduct regarding the previously requested payment deferment plan."  (Id.)  Further, Spicer enclosed a check in the amount of $100.00 that was "tendered as full and final consideration for complete settlement of all obligations related to this loan."  (Id.)  OneMain treated this check as a partial payment to the loan and contends this letter did not dispose of Spicer's underlying loan obligations.  (Doc. #14-1, p. 4.)  Spicer later sent another check to OneMain in September 2025 in the amount of $1,767.65.  (Doc. #4, ¶14.)

## III.

Spicer's Complaint alleges that OneMain's actions constitute a violation of the Telephone Consumer Protection Act (Count I), a violation of the Fair Debt Collection Practices Act (Count II), a violation of the Florida Consumer Collection Practices Act (Count III), and a breach of contract and unjust enrichment (Count IV). (Doc. #4, pp. 2-3.)  Spicer now seeks a preliminary injunction "prohibiting Defendant from repossessing or otherwise interfering with Plaintiff's vehicle. . .."  (Doc. #10, p. 9.)

### A. Spicer Failed to Establish a Substantial Likelihood of Success on the Merits

Upon review of the Complaint and the instant motion, it appears that Spicer relies upon his "breach of contract and unjust enrichment" claim as the basis for the preliminary injunction.[3] Further, it appears that Spicer relies upon an accord and satisfaction argument. (Doc. #4, ¶ 33; Doc. #10, p. 6.) Accord and satisfaction requires a showing that: (1) the amount of the loan was disputed at the time of settlement; (2) the settlement offer was tendered in good faith; and (3) there was a mutual intent to settle. See Smith v. Capital One Auto Fin., Inc., 373 So. 3d 904, 906-07 (Fla. 4th DCA 2023)(citing Fla. Stat. § 673.3111(1)).

Spicer has failed to establish a substantial likelihood of success on the merits. First, there is no bona fide dispute in this case. Although Spicer portrays his request for temporary deferment as the preceding dispute, such dispute does not relate to the amount at issue but rather the payment dates. See Constr. Consulting, Inc. v. District Bd. of Trs. of Broward Coll., 347 So. 3d 14, 24 (Fla. 4th DCA 2022)(finding accord and satisfaction

---

[3] Although Spicer discusses the Telephone Consumer Protection Act, the Court could at most grant an injunction preventing OneMain from placing calls to Spicer via an automatic dialing system or with a prerecorded or artificial voice without the consumer's prior express consent—relief Spicer does not seek. See, e.g., Fostano v. Santander Consumer USA, Inc., 2011 WL 13319591 (S.D. Fla. Oct. 19, 2011)(granting a permanent injunction).

occurred where three checks were rendered for outstanding invoices where parties disputed the amount due under the Master Contract); Smith, 373 So. 3d at 906-07 (finding no dispute existed where the financer was only contacted after the check was tendered to receive title and a zeroed-out loan balance).  In fact, Spicer admits the principal amount of the loan is approximately $20,145.45.  (Doc. #4, ¶7.)  As such, Spicer failed to meet his burden that there was a bona fide dispute when Spicer tendered the check to OneMain.

Even if a bona fide dispute existed, Spicer's offer of $100 as full and final consideration on a loan in the amount of $20,145.45 was not made in good faith.  The payment of approximately .496% of the total loan amount is more akin to what a Florida court identified as a "gimmick."  See Smith, 373 So. 3d at 906-07 (finding that making the monthly payment with paid in full language where the debtor owed at least $31,000 was not made in good faith).  Therefore, Spicer failed to meet his burden that his payment was made in good faith.

Finally, there is no current record evidence that establishes a mutual intent to settle.  Instead, the Court only sees a declaration by Burton stating that the $100 check was treated as a partial payment on the underlying loan and that there was no executed "amendment, modification, settlement agreement, or other writing agreeing to modify the Note or to discharge Plaintiff's

obligations under the Note." (Doc. #14, p. 8.) Further, Spicer even made a payment of $1,767.65 on September 25, 2025—after the settlement agreement Spicer claims extinguished any remaining debt. (Doc. #14-1, ¶17.) As such, Spicer has failed to meet his burden that there was a mutual intent to settle at this stage. See Smith, 373 So. 3d at 907 (finding no mutual intent to settle when the financer did not intend for the check to satisfy buyer's contract loan).

## B. Spicer Will Not Suffer Irreparable Injury Without an Injunction

Additionally, Spicer has failed to establish the requisite irreparable injury. Ignoring OneMain's claim that it will not repossess the vehicle until the conclusion of the litigation, repossession of a vehicle is at most an inconvenience. Spicer could utilize public transportation and private ride share services, and any harm caused by wrongful repossession would be compensable through money damages. See Horowitz v. Mercedes-Benz Fin. Servs. USA LLC, No. 22-CV-119, 2022 WL 344632, at *1 (M.D. Fla. Feb. 4, 2022); St. Clair v. Gen. Motors Fin. Co., Inc., No. 25-CV-60488-VALLE, 2025 WL 1220110, at *1 (S.D. Fla. Apr. 28, 2025). Therefore, Spicer has not clearly established the element of irreparable harm—the *sine qua non* of injunctive relief. See Seigel, 243 F.3d at 1176.

For the reasons set forth in this order, the Plaintiff's Motion for Preliminary Injunction will be denied.

Accordingly, it is now

**ORDERED:**

Plaintiff's Emergency Motion for Preliminary Injunction to Prevent Repossession and to Preserve the Status Quo (Doc. #10) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of March 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record